UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE ORDORICA, | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | C.A. NO.: 7:22-cv-00412 |
| | § | |
| WESTERN WORLD | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL
## BY DEFENDANT WESTERN WORLD INSURANCE COMPANY

Defendant Western World Insurance Company ("Western World") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as follows:

### COMMENCEMENT AND SERVICE

1. This is an insurance coverage dispute. On August 15, 2022, Plaintiff Jose Ordorica ("Plaintiff") filed an action styled Cause No. C-3158-22-F; *Jose Ordorica v. Western World Insurance Company*; in the 332nd Judicial District Court of Hidalgo County, Texas (the "State Court Lawsuit"). [ECF Doc. # 1-4, Plaintiff's Original Petition].

2. On November 4, 2022, Western World was served with citation and process in the State Court Lawsuit. [ECF Doc. # 1-3].

3. This Notice of Removal is filed within 30 days of that date, pursuant to 28 U.S.C. § 1446(b). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

## GROUNDS FOR REMOVAL

4. This action is removable because there is complete diversity of citizenship between the parties and because damages alleged are more than $75,000.00. Accordingly, this matter is within the jurisdiction conferred by 28 U.S.C. § 1332.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Lawsuit was filed in state district court in Hidalgo County, Texas, and that court is in a county assigned to the United States District Court for the Southern District of Texas, McAllen Division. 28 U.S.C. §124(b)(7).

## DIVERSITY OF CITIZENSHIP

### Plaintiff

6. Jose Ordorica admittedly is a Texas resident of Hidalgo County, Texas. [ECF Doc. #1-4 – Plaintiff's Original Petition at ¶2]. Consequently, Plaintiff is a citizen of Texas for diversity purposes.

### Defendant Western World

7. A corporation is a citizen of its state of incorporation and the state in which its principal place of business is located, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The removing party must allege both a corporation's state of incorporation and its principal place of business. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019).

8. Defendant Western World is a citizen of New Hampshire, with its principal place of business in New Jersey. Accordingly, Western World is a citizen of New Hampshire and New Jersey for the purposes of federal diversity jurisdiction. 28 U.S.C. §1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. at 92-93.

## AMOUNT IN CONTROVERSY

9. Generally, the amount in controversy in each action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353 (1961). It is the sufficiency of jurisdictional facts supporting removal at the time the case is removed that are key to the analysis. *Gebbia v. WalMart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

10. In this case, Plaintiff specifically alleges that he "seeks is monetary in nature and is over $250,000.00 but no more than $1,000,000.00." Therefore, it is facially apparent from the Petition that the claims are more than $75,000.00. As such, federal diversity jurisdiction exists. Defendant is entitled to remove this case pursuant to 28 U.S.C. §§ 1332 and 1441.

11. This action should be removed to this Court pursuant to 28 U.S.C. § 1441 since there is complete diversity of citizenship between the plaintiff and defendant, and the judgment value of damages sought by plaintiff is in excess of the jurisdictional limit.

## JURY DEMAND

12. Plaintiff did demand a jury in the State Court Lawsuit. [ECF Doc. #1-4 – Plaintiff's Original Petition at ¶22].

## CONTEMPORANEOUS REMOVAL FILINGS

13.   Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Hidalgo County, Texas promptly after the filing of this Notice.

14.   Pursuant to 28 U.S.C. §1446(a) and the Local Rules of this Court, the following documents are being filed simultaneously and as exhibits to this notice of removal:

1. Index of matters being filed;
2. Civil Cover Sheet;
3. All executed process in the case;
4. Pleadings asserting causes of action;
5. All orders signed by the state judge;
6. State Court Docket Sheet;
7. List of All Counsel of Record.

15.   Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Blackboard Insurance Company respectfully requests that this Court remove this action from the 332nd Judicial District Court of Hidalgo County, Texas to the United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By: /s/ *Raymond Gregory*
    Raymond L. Gregory II
    State Bar No. 08438275
    S.D. Texas Bar No. 12879
    rlg2@egglestonbriscoe.com

EGGLESTON & BRISCOE, LLP
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 – Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on December 2, 2022, a true and correct copy of the foregoing was forwarded to all counsel of record, including those listed below, via the CM/ECF System and/or any proper method of service allowed by the Federal Rules of Civil Procedure, the Local Rules for this Court, or any method of service agreed to in writing by the parties:

John A. Millin IV
Millin & Millin, PLLC
4107 North 22nd Street
McAllen, Texas 78504

/s/ *Raymond Gregory*
Raymond L. Gregory II